# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COURTLESS RAMPEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-00220-JB-B |
| | ) |
| WEST CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Wherefore, this 21st day of November, 2022 upon consideration of Plaintiffs' Motion for Final Approval of the Class Action Settlement Agreement dated September 23, 2022 (herein the "Settlement Agreement" or "Settlement") in the above matter, the Court hereby orders:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement. (Doc. 68, Ex. A).

2. The Court has subject matter jurisdiction over the action and retains jurisdiction for purposes of enforcing and interpreting the Settlement Agreement.

3. The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement:

> **All persons who participated in the West Corporation Employee 401(k) Retirement Plan at any time between May 7, 2013 through [Date of Preliminary Order] ("Class Period"). including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period, except for past**

**and present members of the Retirement Plan Committee of the West Corporation Employee 401(k) Retirement Plan.**

The Court finds that this Settlement Class meets the requirements of Rule 23(a) and 23(b)(1).

4.  Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms thereof as being fair, reasonable, and adequate to the Plan and the Class Members, except that Class Representatives' Compensation is not approved.

5.  The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6.  In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-sent notices to those Class Members. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7.  The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted appropriate notice under the circumstances. Due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement was negotiated at arm's length only after Class Counsel had received pertinent information and documents from Defendants;
B. The Settling Parties were well positioned to evaluate the value of the Class Action;
C. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;
D. The amount of the Settlement, $875,000, is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;
E. The Class Representatives have actively and independently participated in the Class Action;
F. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate and in the best interests of the Settlement Class;
G. Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and
H. There were no objections to the Settlement.
I. The Settlement was reviewed by an independent fiduciary, Newport Group, Inc. which has approved the Settlement.

9. The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable and adequate to the Plan and the Settlement Class.

10. The Lawsuit and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively on behalf of the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other

than as provided for in the Settlement Agreement.

11. The Class Representatives and each Class Member Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, agents, and attorneys) shall be (1) conclusively deemed to have, and by operation of this Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Settling Parties from all Released Claims, and (2) barred and enjoined from suing the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Lawsuit and the Released Claims, whether or not such Class Members have filed an objection to the Settlement.

12. The Plan shall be (1) conclusively deemed to have, and by operation of this Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Settling Parties from all Released Claims, and (2) barred and enjoined from suing the Released Settling Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Lawsuit and the Released Claims.

13. The Class Representatives and each Class Member shall be deemed to have released the Released Settling Parties, the Plan, Class Counsel and Defendants' Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross

Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The Court finds that all applicable Class Action Fairness Act requirements have been satisfied.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

16. Upon the Settlement Effective Date under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

17. Within 21 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution. Unclaimed funds remaining after the completion of Settlement Administration, if any, shall be transferred to the Plan's trust and thereafter used by the Plan to pay Plan administrative expenses.

**DONE and ORDERED** this 21st day of November, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE